IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RYAN ALEXANDER MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-119 |
| | ) | |
| EVANS JOSEPH, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, incarcerated at Calhoun State Prison in Morgan, Georgia brought the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Richmond County Correctional Institute in Augusta, Georgia.  Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING OF THE AMENDED COMPLAINT**

A.    **BACKGROUND**

Plaintiff names Warden Evan Joseph as a Defendant.  (Doc. no. 1, pp. 1, 4.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 20, 2019, Warden Joseph denied Plaintiff medical attention for a "long standing issue of extreme ingrown hairs," that has been documented in Plaintiff's medical file

since 2009.  (Id. at 5.)  Prison officials placed Plaintiff in segregation to deal with the medical issue.  (Id.)  On September 6, 2019, Plaintiff filed a grievance against Warden Joseph for failing to perform "ministerial duty to contact the Georgia Board of Pardons and Parole" concerning Plaintiff's alleged actual innocence, conspiracy, false imprisonment, and incomplete investigation.  (Id.)  On September 19, 2019, Plaintiff filed a second grievance against Warden Joseph for deliberate indifference.  (Id.)  For relief, Plaintiff seeks $5,500,000 in compensatory and punitive damages for negligence, intentional infliction of emotional distress, deliberate indifference to medical needs, and cruel and unusual punishment.  (Id. at 6.)

On May 13, 2020 Plaintiff filed an amended complaint in Mays v. Joseph, CV 119-215, doc. no. 15 (S.D. Ga. December 17, 2019), asserting claims against Warden Joseph for denying Plaintiff the ability to practice his religion through growth of facial hair, denying Plaintiff medical treatment for extreme ingrown hairs, and failing to contact the Georgia Board of Pardons and Paroles.  The Court allowed to proceed Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act and dismissed "Plaintiff's claims for deliberate indifference to a serious medical need, failing to contact the Georgia Board of Pardons and Parole, and refusing to act properly for failure to state a claim . . . ."  Id., doc. no. 21, p. 2.

B.    **DISCUSSION**

1.    **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490

U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450

3

F.3d 1314, 1320 (11th Cir. 2006).

    2.  **Plaintiff's Suit is Barred by Claim Preclusion**

  "The doctrine of claim preclusion (or *res judicata*) bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit." Shurick v. Boeing Co., 623 F.3d 1114, 1116 (11th Cir. 2010).  For the doctrine to apply, four elements must be met: "(1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action." Id. at 1116-17.  Additionally, the party must have had "a full and fair opportunity to litigate the claims and issues settled in a previous suit." Morris v. May, 570 F. App'x 903, 905 (11th Cir. 2014).  To determine whether the causes of action are the same, courts look to the factual issues in the second lawsuit and compare them to the first lawsuit, and if the case arises out of the same nucleus of operative fact, then the "two cases are really the same." Id. at 906.

  The facts in the present case are the same as Plaintiff alleged in Mays v. Joseph, CV 119-215, (S.D. Ga. May 20, 2020) (hereinafter "CV 119-215"); doc. no. 1, pp. 2-3, 5.  Evan Joseph is the only named Defendant in both cases and while Plaintiff adds additional claims for intentional infliction of emotional distress and cruel and unusual punishment, these claims arise from the same nucleus of operative fact as CV 119-215. See id.  Specifically, in both cases, Plaintiff asserted claims for denial of medical treatment for ingrown hairs and failure to contact the Georgia Board of Pardons and Parole.  In CV 119-215, Chief United States District Judge J. Randal Hall dismissed Plaintiff's claims for failure to state a claim, which was "an adjudication on the merits for res judicata purposes." Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (*per curiam*).  Thus, Plaintiff was given a full and fair

opportunity to litigate his claims and cannot now attempt to re-litigate the claims.  <u>Morris</u>, 570 F. App'x at 905.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of November, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA